**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**JOHN E. CLEARY,**
                    **Plaintiff,**

           **vs.**                                    **Civil Action 2:05-CV-559**

                                              **Magistrate Judge Norah McCann King**

**ALBERTO GONZALES, Attorney General
Department of Justice,** *et al.,*
                    **Defendants.**


**OPINION AND ORDER**

        This is an employment action brought under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.* ("Title VII"), in which plaintiff alleges that he was discriminated against

on account of his race, sex and age and retaliated against for his protected activities when he was

denied permission to telecommute, a decision that allegedly eventually forced plaintiff to retire

earlier then he had intended and to declare bankruptcy.  With the consent of the parties, 28

U.S.C. § 636©), this matter is before the Court on *Defendants' Motion to Dismiss*, Doc. No. 22.

For the reasons that follow, defendants' motion is **GRANTED** in part and **DENIED** in part.

I.      **FACTS**

        Plaintiff was employed by the United States Marshal Service ("USMS") until January

2004 when plaintiff alleges he was forced to retire.  *Complaint* p. 2, ¶ 7.  Plaintiff filed this

action on June 7, 2005.

        On January 12, 2006, following a preliminary pretrial conference, defendants were

granted until March 31, 2006, to contest the subject matter jurisdiction of this Court.  Doc. No.

21.  On March 31, 2006, defendants filed *Defendants' Motion to Dismiss*, Doc. No. 22, arguing

that this Court lacks subject matter jurisdiction because plaintiff's *Complaint* alleges claims that

fall outside the scope of the charge filed by plaintiff with the Equal Employment Opportunity

Commission ("EEOC") and, therefore, the claims asserted in this action are unexhausted.  On

April 25, 2006, plaintiff filed his memorandum *contra Defendants' Motion to Dismiss*

("*Plaintiff's Memorandum Contra*"), Doc. No. 23, and on April 27, 2006, defendants filed their

reply in support of their motion to dismiss ("*Defendants' Reply*"), Doc. No. 24.

## II.    STANDARDS

### A.    Dismissal Pursuant Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)

Defendants move to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.

12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P.

12(b)(6) by reason of plaintiff's alleged failure to exhaust six of the claims he presents in the

*Complaint*.

> With a motion to dismiss pursuant to Rule 12(b)(1), the moving party is
> challenging the court's subject matter jurisdiction.  The plaintiff bears the burden
> of establishing, by a preponderance of the evidence, the existence of federal
> subject matter jurisdiction.  *McNutt v. General Motors Acceptance Corp. of
> Indiana*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913,
> 915 (6th Cir. 1986). When the party asserting federal jurisdiction finds its
> allegations challenged, it must submit evidence substantiating its claims.  *Amen v.
> City of Dearborn*, 532 F.2d 554, 560 (6th Cir. 1976).  The district court has "wide
> discretion to allow affidavits, documents and even a limited evidentiary hearing to
> resolve disputed jurisdictional facts."  *Ohio Nat'l Life Ins. Co. v. United States*,
> 922 F.2d 320, 325 (6th Cir. 1990) (citations omitted).  The court may consider
> such evidence without turning the motion into one for summary judgment.  *Id.*

*Ferrero v. Henderson*, 244 F. Supp.2d 821, 826 (S.D. Ohio 2002) (J. Rice).  Additionally,

> [w]here the court elects to decide the jurisdictional issue on the written materials
> submitted, the plaintiff is required only to make a *prima facie* case of jurisdiction.
> *Armbruster v. Quinn*, 711 F.2d 1332, 1335 (6th Cir. 1983) [overruled in non-
> relevant part in *Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1242 (2006)].  In other
> words, she must only "demonstrate facts which support a finding of jurisdiction in

order to avoid a motion to dismiss." *Id.* (citations omitted). The Court must
consider the pleadings and affidavits in the light most favorable to the plaintiff.
*Id.*

*Id.*

When a court considers a motion to dismiss under Rule 12(b)(6), the complaint must be

construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted

as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.,* 96 F.3d

200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio

1994). A claim will be dismissed if "it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957).

**B.      *Pro Se* Litigants**

In this case, plaintiff is proceeding without the assistance of counsel. A *pro se* litigant's

pleadings are to be construed liberally and held to a less stringent standard than are formal

pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *see also Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the

pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite

any failure to cite proper legal authority, confusion of various legal theories, poor syntax and

sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74

F. Supp.2d 740, 749 (S.D. Ohio 1998) (J. Kinneary) (citing *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled

to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

"Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*,

3

935 F.2d at 1110).

Additionally, liberal construction of a plaintiff's complaint filed with the EEOC is required when he has prepared the charge without the assistance of counsel. *See Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546 (6th Cir. 1991).

It is with these standards in mind that the instant motion will be decided.

## III. ANALYSIS

Defendants argue that six claims asserted in the *Complaint* exceed the scope of his *EEOC Charge* and that, because these claims are unexhausted, they must be dismissed. *Defendants' Motion to Dismiss* at 4-7. Plaintiff responds, without citation to law or facts, that he has exhausted all administrative remedies and that no reasonable person could be expected to do more than he has done. *Plaintiff's Memorandum Contra* at 1.

It is well-settled that a claimant under Title VII must pursue administrative relief prior to filing suit. *Ang*, 932 F.2d at 544-45 (citing *Love v. Pullman Co.*, 404 U.S. 522 (1972)). "Pursuant to EEOC regulations applicable to employees of federal government agencies, an employee who believes he has been discriminated against must consult an EEO counselor prior to filing a complaint in order to try to informally resolve the matter." *Schaefer v. United States Postal Serv.*, 254 F. Supp.2d 741, 750-51 (S.D. Ohio 2002) (J. Rice) (citing *Johnson v. Cohen*, 6 Fed. Appx. 308, 2001 U.S. App. LEXIS 3970 (6th Cir. 2001), 29 C.F.R. § 1614.105(a) and *Pauling v. Sec'y of the Dep't of the Interior*, 160 F.3d 133, 133-34 (2d Cir. 1998)). If that effort is unsuccessful, the federal employee must file a formal charge of discrimination with the agency that allegedly discriminated against him. *Id.* (citing 29 C.F.R. § 1614.106). Within 90 days of receipt of notice of final action taken by the agency, or after 180 days from the filing of that

4

charge with the agency, the complainant may then file a civil action in federal court or may file a

charge with the EEOC. *Id.* (citing 42 U.S.C. § 2000e-16©)). *See also* 29 C.F.R. § 1614.110(a)

("right to appeal to the Equal Employment Opportunity Commission, [or] the right to file a civil

action in federal district court").

Thus, if the claimant did not first present a claim to the federal agency with which he was

employed, "that claim may not be brought before the court." *Ang*, 932 F.2d at 545  (citations

omitted).  Moreover, if the claimant chooses to file a charge with the EEOC before filing in

district court, "[t]he judicial complaint must be limited 'to the scope of the EEOC investigation

reasonably expected to grow out of the charge of discrimination.'" *Id.* (citing *EEOC v. Bailey*

*Co., Inc.*, 563 F.2d 439, 446 (6th Cir. 1977)).

In the instant action, at every step of the administrative process, plaintiff alleged only that

he was complaining of retaliation and/or discrimination based on the denial by the Marshal's

Service of his April 2001 request to telecommute:

On June 5, 2001, plaintiff requested the USMS to process an employment discrimination

complaint on his behalf based on its failure to grant his April 2001 request to telecommute.

*Exhibit 1* attached to *Defendants' Motion to Dismiss*.[1]

On August 17, 2001, the USMS served on plaintiff a *Notice of Right to File Complaint of*

*Discrimination*:

> On June 5, 2001, you contacted the EEO Division alleging that you were being
> subjected to discrimination based on reprisal for prior EEO complaint activity
> relative to the following employment related incident:

---

[1]All exhibits referred to herein are attached to *Defendants' Motion to Dismiss* unless
otherwise noted.

> Your request to be allowed to telecommute from the Parkersburg,
> West Virginia sub-office of the Southern District of West Virginia
> was denied.

. . .

> You are reminded that the formal complaint must contain a precise allegation
> statement which generally describes the alleged discriminatory actions or
> practices which form the basis of the complaint.  Only matters raised during the
> counseling stage may be included in the formal complaint.

*Exhibit 2.*

On August 24, 2001, an *EEO Counseling Report* discussed the results of an attempted

resolution of plaintiff's claims.  *Exhibit 3.*  The only issue mentioned in the report was the denial

of plaintiff's request to telecommute.  *Id.*

On August 31, 2001, plaintiff filed a formal *Complaint of Discrimination* with the

Department of Justice ("DOJ"), alleging that he had been denied the opportunity to telecommute

based on his race, sex and age and in retaliation for having previously filing an employment

discrimination complaint.  *Exhibit 4.*

On September 28, 2001, the Chief of the Complaints Processing Section of the

Department of Justice informed plaintiff as follows:

> Based on my review of the EEO Counselor's Report and your formal complaint, I
> am accepting the following allegation for investigation:
>
>> Whether you were subjected to discrimination based on race
>> (White), sex (male), age (57) and reprisal for filing a previous EEO
>> complaint, when in April 2001, your request to telecommute from
>> the Parkersburg, West Virginia sub-office of the Southern District
>> of West Virginia was denied.
>
> If you believe the issue in this complaint has not been correctly identified, please
> notify me, in writing (certified mail) within 5 calendar days after you receive this
> letter and specify why you believe the issues have not been correctly identified. . .
> .

*Exhibit 6.*

Plaintiff did not identify any error in this summary of the subject of his discrimination and retaliation complaint. Instead, on December 20, 2001, plaintiff submitted a fifteen-page statement, discussing only the denial of his request to telecommute. *Exhibit 7.*

On September 26, 2003, the final administrative decision was issued, concluding that the evidence did not support plaintiff's claim that the Marshal's Service had discriminated or retaliated against plaintiff by denying his request to telecommute. *Exhibit 8.* Plaintiff was also instructed that he could pursue the matter either before the EEOC or before a federal district court. *Id.*

Plaintiff pursued his appeal to the EEOC, Appeal No. 01A40232, and on February 28, 2005, the EEOC issued its *Decision*, including a notice of plaintiff's right to sue, stating:

> Complainant alleged that the agency discriminated against him on the bases of race (White), sex (male), age (57), and reprisal for prior EEO activity when his April 2001 request to telecommute from Parkersburg, West Virginia was denied.

*Exhibit 10 attached to Defendants' Reply. See also Complaint* p. 1, ¶ 2.

In the instant action, defendants argue that plaintiff alleges four incidents of discrimination and two instances of retaliation that fall outside the scope of his administrative complaint:

> (1) Plaintiff's allegation that he was subjected to a "coercive and hostile environment" after his transfer to Missouri in 1999, where his "superiors constantly inquired as to when [he] would retire." *Complaint* p. 6, ¶ 1.

> (2) Plaintiff's allegation that, between 1994 and 2004, he was denied the opportunity to perform "meaningful work or gain experience or gain training or gain promotions" due to "illegal actions" of the Marshal's Service. *Id.* p. 4, ¶6 and p. 5, ¶ 4.

> (3) Plaintiff's allegation that, between 1994 and 2004, officer and procurement

7

authority was removed from plaintiff's job responsibilities, resulting in "loss of work potential."  *Id.* p. 4, ¶6.

(4) Plaintiff's allegation that he was not given the same level of assistance as other employees when his duty station was changed from Chicago to Kansas City, Missouri, in 1999.  *Id.* p. 5, ¶1.

(5) Plaintiff's allegation that, from 1994 through 1997, he was assigned to a position without duties in reprisal for his testimony in a separate 1994 EEO investigation.  *Id.* p. 5, ¶ 3.

(6) Plaintiff's allegation that he was retaliated against when he was "coerced" into retirement.  *Id.* p. 5, ¶ 2.

The Court agrees the first five allegations were simply not raised in plaintiff's administrative complaints nor could they reasonably have been expected to grow out of plaintiff's actual complaints of discrimination and retaliation, all of which were based on the denial of plaintiff's request to telecommute.  Throughout the administrative process, plaintiff made no reference to alleged harassment after his transfer in 1999, to the alleged lack of opportunities and loss of responsibilities from 1994 to 2004 nor to the alleged lack of assistance in 1999.  These five claims clearly fell outside the scope of plaintiff's *EEOC Charge* and this Court therefore is without jurisdiction to entertain them.  *See Ang*, 932 F.2d at 544-45;  *Ferrero*, 244 F. Supp.2d at 826.  Consequently, even when viewing these five allegations and the administrative complaints in the light most favorable to plaintiff, *see Ang and Ferrero, supra, Defendants' Motion to Dismiss* these five claims is meritorious.

However, to the extent that the sixth claim listed *supra* alleges retaliation based on plaintiff's *EEOC Charge* alleging discrimination and retaliation for the denial of his April 2001, request to telecommute, that claim must survive *Defendants' Motion to Dismiss*.  The administrative "filing requirement is waived for claims of retaliation stemming from the filing of

8

the charge" of retaliation that is the basis for the lawsuit.  *Abeita*, 159 F.3d at 254.

   **WHEREUPON** *Defendants' Motion to Dismiss*, Doc. No. 22, is **GRANTED** in part and **DENIED** in part.  Specifically, defendants' motion is **DENIED** as it relates to plaintiff's claim that he was forced to retire in retaliation for having filed the *EEOC Charge*, Appeal No. 01A40232, which underlies this action.  *Defendants' Motion to Dismiss*, Doc. No. 22, is **GRANTED** in all other respects.


October 2, 2006            *s/Norah McCann King*
Date                 Norah McCann King
                 United States Magistrate Judge